| | |
|---|---|
| | JS-6 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| INMATE # AE4015 | CASE NUMBER |
|---|---|
| Garth Jason Gumienny, | ED CV 18-00295 JFW (RAO) |
| PLAINTIFF(S) | |
| v. | **ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES** |
| Scott Kernan, | |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____  _____
Date                              United States Magistrate Judge

---

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction.
- ☒ Other  See attached statement of decision.
- ☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☐ Leave to amend would be futile.
- ☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:

February 12, 2018                 *Rozella A. Oliver*
_____    _____
Date                              United States Magistrate Judge

---

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

- ☐ **DENIED.** Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

- ☒ **DENIED,** and this case is hereby DISMISSED immediately.

- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

February 13, 2018                 *John F. Walter*
_____    _____
Date                              United States District Judge

CV-73P (08/16)   ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

On February 8, 2018, the Court received from Petitioner Garth Jason Gumienny, a California prisoner proceeding *pro se*, a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 and a Request to Proceed *In Forma Pauperis*. (Pet., Dkt. No. 1.) After reviewing the Petition, the Court has determined that the Petition should be dismissed without prejudice to Petitioner raising his claims in a civil rights action pursuant to 42 U.S.C. § 1983.

"It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Thus, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. By contrast, "[t]he appropriate remedy for [claims concerning the terms and conditions of a prisoner's incarceration], if proven, would be a judicially mandated change in conditions and/or an award of damages, but not release from confinement." *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979). Thus, "[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action . . . is the proper method of challenging 'conditions of . . . confinement.'" *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (alteration in original) (quoting *Preiser*, 411 U.S. at 484, 498-99); *see also Nettles v. Grounds*, 830 F.3d 922, 930-31 (9th Cir. 2016) (en banc) (stating that language in some Supreme Court opinions "strongly suggest[s] that habeas is available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas. . . . [I]f a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all, under § 1983." (citation omitted) (internal quotation marks omitted)).

Here, Petitioner alleges that he was arbitrarily denied access to computers for vocation, education, and work assignments. (Pet. at 5-6.) Petitioner's claims relate to the conditions of his confinement rather than its legality. Accordingly, a civil rights action, rather than the instant habeas action, is the appropriate vehicle for Petitioner to seek relief. *See Nettles*, 830 F.3d at 930-31.

For these reasons, the Petition is dismissed without prejudice to Petitioner raising his claims in a § 1983 complaint. In reaching this conclusion, the Court need not and does not determine whether the Petition's claims as currently pled would state viable claims for relief under § 1983.

**The Court and the California Department of Corrections and Rehabilitation are participants in a pilot project that requires § 1983 complaints submitted by inmates at**

**Chuckawalla Valley State Prison, where Petitioner is currently housed, to be scanned and submitted to the Court by electronic mail.** *See* **General Order 17-04.**

**To submit a complaint arising under 42 U.S.C. § 1983 to the Court for filing, an inmate must present it to designated staff at his facility for scanning and emailing to the Court. If an inmate is unable to comply with these procedures, he must submit with his complaint a motion for leave to file his documents by U.S. Mail that demonstrates good cause for the inability to submit documents to the Court electronically.**